**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) **Case No. 17-03014-01-CR-S-RK** |
| | ) |
| **Plaintiff,** | ) **Springfield, Missouri** |
| | ) **October 11, 2017** |
| **v.** | ) |
| | ) |
| **DOMINIC KEITH PEARSON,** | ) |
| | ) |
| **Defendant.** | ) |

**TRANSCRIPT OF HEARING ON CHANGE OF PLEA**
**BEFORE THE HONORABLE DAVID P. RUSH**
**UNITED STATES MAGISTRATE JUDGE**

APPEARANCES:

For the Plaintiff:                Ms. Ami Harshad Miller
                                  Assistant United States Attorney
                                  901 St. Louis St., Ste. 500
                                  Springfield, MO  65806
                                  (417) 831-4406

For the Defendant:               Mr. Ian A. Lewis
                                  Federal Public Defender's Office
                                  901 St. Louis St., Ste. 800
                                  Springfield, MO  65806
                                  (417) 873-9022

Court Audio Operator:            Ms. Karla Berziel

Transcribed by:                  Rapid Transcript
                                 Lissa C. Whittaker
                                 1001 West 65th Street
                                 Kansas City, MO  64113
                                 (816) 914-3613

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

1    (Court in Session at 9:30 a.m.)

2    THE COURT: Calling in *United States vs. Dominic Keith*

3 *Pearson*. The defendant appears in person along with his

4 attorney, Mr. Ian Lewis. The United States appears by Assistant

5 United States Attorney, Ms. Ami Miller. This matter is set this

6 morning for a change of plea to the Superseding Indictment

7 returned against this defendant on May 11th of 2017. Mr.

8 Pearson, you have signed a consent to have these proceedings for

9 a plea of guilty before a Magistrate Judge, with the

10 understanding that a United States District Judge, a judge of

11 higher jurisdiction, will keep your case for acceptance of the

12 plea of guilty and sentencing. Even though you signed this

13 consent you have a right, if you wish, to appear before a United

14 States District Judge, a judge of higher jurisdiction, for these

15 proceedings. At any appearance before the District Judge, you're

16 presumed innocent until such time, if ever, as the Government

17 establishes your guilt beyond a reasonable doubt to the

18 satisfaction of the judge or jury. You always have a right to

19 confront -- you have the right to be present and to confront and

20 cross-examine witnesses. You have a right to use the power of

21 the court to subpoena evidence on your behalf and you have a

22 right to testify or not testify as you would choose. And if you

23 chose not to testify it would not be held against you as that is

24 your right. If, after understanding the charges against you, the

25 range of punishment, if convicted, and your right to appear

before a District Judge, if you wish, you may waive or give up
that right and proceed this morning before the Magistrate Judge.
As I indicated, you have signed such a consent.  Do you
understand that you have a right to appear before a United States
District Judge, a judge of higher jurisdiction, for these
proceedings?

      MR. PEARSON:  I do.

      THE COURT:  And is it your desire to give up that right
and proceed this morning before the Magistrate Judge?

      MR. PEARSON:  Yes, Your Honor.

      THE COURT:  Mr. Pearson, do you understand the charge
against you in Count One of the Indictment in this case?

      MR. PEARSON:  Yes.

      THE COURT:  And I'm referring to the Superseding
Indictment.  Do you understand that if convicted of the charge in
Count One, that the minimum penalty the court may impose is not
less than 10 years imprisonment, while the maximum penalty the
court may impose is not more than life imprisonment, not more
than a $250,000 fine, not less than five years supervised release
or a life term of supervised release, and a $100 mandatory
special assessment?

      MR. PEARSON:  Yes.

      THE COURT:  To the charge in Count One of the
Superseding Indictment, how do you wish to plead, guilty or not
guilty?

1          MR. PEARSON:  Guilty.

2          THE COURT:  Do you understand the charge against you in

3     Count Two of the Superseding Indictment in this case?

4          MR. PEARSON:  Yes.

5          THE COURT:  Do you understand that if convicted of the

6     charge in Count Two, that the minimum penalty the court may

7     impose is not less than 15 years imprisonment, while the maximum

8     penalty the court may impose is not more than 30 years

9     imprisonment, not more than a $250,000 fine, not less than five

10    years supervised release or a life term of supervised release,

11    and a $100 mandatory special assessment?

12         MR. PEARSON:  Yes.

13         THE COURT:  To the charge in Count Two, how do you wish

14    to plead, guilty or not guilty?

15         MR. PEARSON:  Guilty.

16         THE COURT:  Do you understand the charge against you in

17    Count Three of the Superseding Indictment in this case?

18         MR. PEARSON:  Yes.

19         THE COURT:  Do you understand that if convicted of the

20    charge in Count Three, that the minimum penalty the court may

21    impose is not less than 10 years imprisonment, while the maximum

22    penalty the court may impose is not more than life imprisonment,

23    not more than a $250,000 fine, not less than five years

24    supervised release or a life term of supervised release, and a

25    $100 mandatory special assessment?

1        MR. PEARSON:  Yes.

2        THE COURT:  And you'll have to just speak up.  I can

3   hear you, but it's being transcribed for us.

4        MR. PEARSON:  Yes.

5        THE COURT:  Thank you.  And to the charge in Count

6   Three, how do you wish to plead, guilty or not guilty?

7        MR. PEARSON:  Guilty.

8        THE COURT:  Do you understand the charge against you in

9   Count Four of the Superseding Indictment in this case?

10       MR. PEARSON:  Yes.

11       THE COURT:  Do you understand that if convicted of the

12  charge in Count Four, that the maximum penalty the court may

13  impose is not more than 30 years imprisonment, not more than a

14  $250,000 fine, not less than five years supervised release or a

15  life term of supervised release, and a $100 mandatory special

16  assessment?

17       MR. PEARSON:  Yes.

18       THE COURT:  To the charge in Count Four of the

19  Superseding Indictment, how do you wish to plead, guilty or not

20  guilty?

21       MR. PEARSON:  Guilty.

22       THE COURT:  Would you please stand and raise your right

23  hand as best you can?

24            DOMINIC KEITH PEARSON, DEFENDANT, SWORN

25       THE COURT:  You're going to have to speak up.

1    MR. PEARSON:  Yes.

2    THE COURT:  Thank you.  And we'll bring that microphone

3 over a little bit to you.  And you can put your hand down now,

4 Mr. Pearson.  Has anyone made any threat of any kind to force you

5 to plead guilty or to give up any of the other rights we've

6 discussed this morning?

7    MR. PEARSON:  No.

8    THE COURT:  Has anyone made any promise of any kind to

9 induce you or overcome your will to get you to plead guilty or

10 give up any of the other rights we've discussed?

11    MR. PEARSON:  No.

12    THE COURT:  I mentioned to you that there was a

13 supervised release term of not less than five years or up to a

14 life term of supervised release that could be imposed in your

15 case as to Counts One, Two, Three and Four of the Superseding

16 Indictment.  Do you understand that if those terms were imposed

17 and then revoked for any reason, that you could be required to

18 serve an additional term of imprisonment of not more than five

19 years as to Counts One and Three and not more than three years as

20 to Counts Two and Four, unless the provisions of 18 U.S.C.

21 Section 3583(k) supersede Section 3583(e)(3) in which case the

22 court must impose a sentence of not less than five years as to

23 each of those counts, and if that happened, you would receive no

24 credit for any other time you had spent either in custody or on

25 release?

1    (Off Record:  Attorney-Client Discussion)

2    MR. PEARSON:  Yes, I understand.

3    THE COURT:  And do you understand that the court -- the

4    District Court could then impose an additional term of supervised

5    release, which would be governed by the maximum of the statute

6    pertaining to each count, minus any time you'd spent in custody

7    as a result of a violation?

8    MR. PEARSON:  Yes.

9    THE COURT:  Do you understand, Mr. Pearson, that from a

10   sentence imposed in your case that there is no parole?

11   MR. PEARSON:  Yes.

12   THE COURT:  Do you understand that there are Sentencing

13   Guidelines to which the District Court would refer to in an

14   advisory capacity when attempting to fashion a reasonable

15   sentence in your case?

16   MR. PEARSON:  Yes, I do.

17   THE COURT:  Have you discussed the guidelines with Mr.

18   Lewis?

19   MR. PEARSON:  Yes.

20   THE COURT:  And again, I'm going to have you speak up.

21   MR. PEARSON:  Yes.

22   THE COURT:  Thank you.  And do you understand them?

23   MR. PEARSON:  Yes.

24   THE COURT:  Do you understand that the final decision as

25   to how the guidelines are calculated and ultimately what sentence

1    will be imposed rests with the District Judge?

2              MR. PEARSON:  Yes, I do.

3              THE COURT:  If the District Judge would calculate the

4    guidelines differently from what you've discussed with Mr. Lewis,

5    that fact would not give you the right to withdraw or change your

6    plea of guilty.  Do you understand that?

7              MR. PEARSON:  Yes.

8              THE COURT:  Once the District Judge establishes the

9    advisory guideline range, in some circumstances, you could be

10   sentenced above that range and, in other circumstances, below

11   that range.  And again, the judge's decision, if you disagreed,

12   would not give you the right to withdraw your plea of guilty.  Do

13   you understand that?

14             MR. PEARSON:  Yes, I do.

15             THE COURT:  Now, Mr. Pearson, do you understand that as

16   a result of your conviction for the offenses set forth in Counts

17   One, Two, Three and Four that you will be required to register as

18   a sex offender under both state and federal law?

19             MR. PEARSON:  Yes, I do.

20             THE COURT:  Mr. Pearson, you have a right to a trial by

21   jury with all the protections that I explained to you at the

22   beginning of these proceedings.  Do you understand your right to

23   a trial by jury?

24             MR. PEARSON:  Yes.

25             THE COURT:  And do you understand that if the court

accepts your pleas of guilty that there won't be a trial?

MR. PEARSON: Yes, I do.

THE COURT: I'm going to ask you about the offenses charged in Counts One, Two, Three and Four of the Superseding Indictment. I would remind you that you are under oath. You must answer truthfully. Any false answers could result in charges of false swearing or perjury. You always have the right to remain silent. And I want you to listen carefully because in just a moment I'm going to ask the attorney for the United States to state for the record the evidence that she believes that she could present at trial to prove or establish your guilt beyond a reasonable doubt to the satisfaction of the judge or jury. After she's finished, I'm going to ask you if you, in fact, did the things that she states for the record that she believes she can prove beyond a reasonable doubt. Ms. Miller?

MS. MILLER: Thank you, Your Honor. If this case were to go to trial, the Government could prove beyond a reasonable doubt that on January 8th of 2017, an individual identified as G.W. contacted law enforcement to report that 13-year-old Jane Doe was missing. Law enforcement responded to a location in Greene County, Missouri, a location within the Western District of Missouri, to take a report. G.W. and J.W. reported that Jane Doe was last seen at 11:40 a.m. that day. At approximately 1:45 p.m., G.W. was unable to locate Jane Doe in their residence. G.W. and J.W. stated that Jane Doe had no cell phone of her own.

On January 9th, 2017, Springfield Police Department Officer K.
Friend, F-R-I-E-N-D, was assigned the case for follow-up
investigation.  Officer Friend contacted the Ws and the Ws told
Officer Friend that Jane Doe had used G.W.'s cell phone which was
an LG L15G Sunrise and J.W.'s cell phone, a Samsung SM-S765C.
The Ws gave Officer Friend consent to seize and search their cell
phones.  On January 10th, 2017, Springfield Police Department
Computer Forensic Analyst Michael Costello began his forensic
examination of G.W.'s LG L15G Sunrise cellular phone.  During the
examination, CFA Costello, C-O-S-T-E-L-L-O, located messages sent
between Jane Doe and a user identified as D-A-R-K-L-E-S-T-A-T_L-
W-P on the --

        THE COURT:  Ms. Miller, if I could stop you for just a
second.  We may have an issue with our recording.  Sorry to
interrupt you but this is being recorded so it can be transcribed
and I think we just experienced some technical difficulty.  So
you all can be seated while we wait.

                    (Off Record Talking)

        THE COURT:  All right.  Well, we are back on the record.
We're up and operational.  Sorry, Ms. Miller.  If you would
proceed.  Thank you.

        MS. MILLER:  Thank you, Your Honor.  I'll go back
starting from during the examination, CFA Costello located
messages sent between Jane Doe and a user identified as D-A-R-K-
L-E-S-T-A-T_L-W-P on KIK application.  The user's screen name was

Blackheart and the registered email address was dominicp2011@gmail.com. The messages were sent between January 5th of 2017, and January 7th of 2017. The following are examples of messages sent by darklestat_lwp to Jane Doe. "I am on the way to you, we are going to meet up with our ride." "What school u go to". "Will you marry me at 18". "As long as fuck me when I want and be a good sex toy." "East side of Nebraska, I am working my way there." "I can't wait to be with u and marry u." "I want to be there tonight so im just going" -- I'm sorry -- "gonna push through." Law enforcement determined the telephone number used by the KIK user darklestat_lwp to be 772-302-0148. On January 10th, 2017, FBI Task Force Officer Jeff Burnett, B-U-R-N-E-T-T, requested and received subscriber information from Google for an email address of the dominicp2011@gmail.com. The email was registered to Dominic Pearson, the defendant. His last reported log-on date was on January 10th, 2017, at which time he utilized IP address 70.195.8.38. Task Force Officer Burnett also confirmed that G.W.'s LG cellular phone was manufactured outside the state of Missouri and would have had to cross state lines. Furthermore, KIK utilizes the Internet to function. On January 10th, 2017, Jane Doe and Pearson were located by the Oak Grove, Missouri, Police Department, which is a location within the Western District of Missouri. Oak Grove Police Department Officers located Pearson and Jane Doe in a trucker's lounge at the Petro, P-E-T-R-O, Truck Stop located off of Interstate 70.

Both Pearson and Jane Doe had luggage with them in the lounge. Officers seized a Samsung Galaxy J3 cell phone from Pearson. Officers also seized a green duffle bag, a large blue luggage bag, a medium blue luggage bad and a small blue luggage bag that were located with Pearson and Jane Doe. On January 11th, 2017, Jane Doe was transported to Children's Mercy Hospital in Kansas City. Children's Mercy Hospital Social Worker Tammy Kamp, K-A-M-P, interviewed Jane Doe. Jane Doe stated that Pearson had bought her food and clothing and they had had sex. Sexual Assault Nurse Examiner Tracy Mead, M-E-A-D, examined and spoke with Jane Doe. Jane Doe told SANE Nurse Mead that Pearson penetrated her vagina with his penis and finger and she performed oral sex on Pearson. Jane Doe stated the last occurrence of sexual contact was shortly before Oak Grove Police Department located them at the Petro Truck Stop. On January 12th, 2017, Task Force Officer Burnett interviewed Pearson at the Blue Springs, Missouri Detention Center. Post-*Miranda* Pearson admitted that he had began a relationship with Jane Doe through the Internet. Pearson stated he first met Jane Doe on a website named P-I-M-D. Pearson stated that Jane Doe had told him she was 15 years old. Pearson told Jane Doe he was traveling to Denver, Colorado, and he could take her there. Prior to arriving in Springfield, Pearson stated he had previously traveled through Nebraska, Iowa and Texas and then to Missouri. Pearson stated he resided in Silverthorne, Colorado. Pearson admitted that his KIK user name was

darklestat_lwp and his email address was [dominicp2011@gmail.com.](mailto:dominicp2011@gmail.com)
Pearson stated he used his Samsung cellular phone with the number
of 772-882-0148 to communicate on KIK. Pearson stated that he
and Jane Doe discussed getting married when she was of age.
Pearson admitted to picking Jane Doe up from Springfield,
Missouri. Pearson stated that when they arrived in Kansas City,
the went to Denny's and then stayed at Quality Inn for the night.
Pearson stated that he did have sexual contact with Jane Doe.
Pearson admitted that he touched Jane Doe's vagina and breasts
and that they engaged in oral and vaginal intercourse. Pearson
stated this occurred at the Quality Inn and in John's truck at
the Denny's parking lot. Pearson stated that after they left the
motel, they found a ride with a truck driver who dropped them off
at the truck stop on Interstate 70 where they were located by the
police. Pearson stated he took nude photographs of Jane Doe
using his Samsung cellular phone. Pearson stated he took
approximately six nude images of Jane Doe, that is, sexually
explicit images of a child less than 18 years of age. On January
13th, 2017, Task Force Officer Burnett collected the Samsung
Galaxy J3 cellular phone. TFO Burnett verified that the Samsung
Galaxy J3 cellular phone was a Model SM J320VPP. Task Force
Officer Burnett confirmed that the cell phone was manufactured
outside of the state of Missouri and would have had to cross
state lines. Forensic Analyst Costello examined Pearson's
Samsung cellular phone which also contained a 64 gigabyte Micro

SD card which is also manufactured outside the state of Missouri. CFA Costello was able to create a forensic image of the phone and examined the SD card. KIK was installed and the user was logged in as darklestat. There were 14 images of Jane Doe that were sexually explicit on the SD card. Five photos were taken on January 8th, 2017. The five photos had GPS data that showed that they were taken at the Quality Inn in Kansas City, Missouri, which is a location within the Western District of Missouri. The images show Jane Doe raising her shirt and exposing a bra. And a close-up of Jane Doe's vagina and another close-up of Jane Doe's vagina with Pearson's fingers. And a picture of Jane Doe with Pearson's penis in her mouth. The other nine pictures were taken on January 10th and also show sexually explicit images. On January 17th, 2017, Task Force Officer Burnett confirmed that the Quality Inn & Suites was located at 1051 North Cambridge Avenue, Kansas City, Jackson County, Missouri. On February 23rd, 2017, Jane Doe was interviewed by FBI Child Forensic Interviewer Rachel Happel. Jane Doe stated that she had met Pearson on a chat site named ChatHour and that her screen name was tinykinzie, K-I-N-Z-I-E, and that they communicated via KIK. Jane Doe stated that she had used G.W. and J.W.'s phone because she did not have one. Jane Doe stated that she and Pearson messaged for a couple months and they had talked about sex and then he came to pick her up. Jane Doe stated Pearson had sent her some nude pictures and he had asked her to send some to him but she had stated no. Jane

Doe met with Pearson about 1:00 p.m. and Pearson's friend drove them to Kansas City and dropped them off at Denny's. Jane Doe said she considered Pearson her boyfriend and he knew she was only 13 years of age. Jane Doe stated that Pearson touched her vagina with his hands while they were at the truck stop in the driver's den and that she had also touched his penis. After they left the truck stop they went to the motel where they had sexual intercourse. Jane Doe was shown thumbnails of the photos located on the SD card from Pearson's Samsung cellular phone and Jane Doe identified the female as her and the male as Pearson. And that would be the Government's evidence if the case went to trial.

THE COURT: The only other question I would have is -- I know you've indicated that the victim was 13 years of age. Is the defendant at least four years older than the victim and not the spouse of the victim?

MS. MILLER: Yes, Your Honor. That is correct.

THE COURT: Mr. Pearson, you've listened to the evidence that the Government has submitted that they could present at trial to prove or establish your guilt beyond a reasonable doubt. Did you, in fact, do the things that they've stated for the record that they can prove?

MR. PEARSON: Yes.

THE COURT: Mr. Lewis, you've had access to the Government's discovery file in this case, have you not?

MR. LEWIS: I have, Your Honor.

1    THE COURT: And based upon your review of the discovery

2 file, are you satisfied if put to proof, that the United States

3 could make a submissible case as to all the elements pertaining

4 to Counts One through Four of the Superseding Indictment?

5    MR. LEWIS: I am, Your Honor.

6    THE COURT: There is an adequate factual basis for the

7 pleas of guilty to Counts One, Two, Three and Four of the

8 Superseding Indictment. I find that the plea is voluntary and

9 did not result from force, threats or promises. Mr. Pearson, you

10 are represented in this case by Mr. Lewis. Have you had enough

11 time to talk with him about your case?

12    MR. PEARSON: Yes, I have.

13    THE COURT: Are you satisfied with the advice that he's

14 given you?

15    MR. PEARSON: Yes.

16    THE COURT: The law requires me to ask you if this

17 morning you are on any medication prescribed by a physician or

18 any drugs or alcohol of any kind which would affect your ability

19 to understand these proceedings?

20    MR. PEARSON: No, Your Honor.

21    THE COURT: Understanding that and the other matters

22 that we've discussed this morning, is it your desire for the

23 court to accept these pleas of guilty?

24    MR. PEARSON: Yes.

25    THE COURT: Ms. Miller, on behalf of the United States,

do you have any other record under Rule 11 that you think I need
to make?

        MS. MILLER:  No, Your Honor.

        THE COURT:  Mr. Lewis, on behalf of the defendant, do
you have any other record under Rule 11 that you think I need to
make?

        MR. LEWIS:  No, Your Honor.

        THE COURT:  I will recommend the pleas of guilty be
accepted and I will order a Presentence Investigation to be
conducted by the Probation Office.  That will conclude this
matter.

              (Court Adjourned at 9:56 a.m.)

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceeding in the above-entitled matter.

/s/ Lissa C. Whittaker                October 15, 2017
Signature of transcriber                    Date