**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **DOMINIC KEITH PEARSON,** <br><br> Defendant. | No. 17-3014-01-CR-S-RK |

**GOVERNMENT'S SUGGESTIONS IN OPPOSITION TO DEFENDANT'S MOTION
FOR FORGIVENESS OF MANDATORY SPECIAL ASSESMENT FEE (Document 55.)**

**COMES NOW** the United States of America, by and through its undersigned counsel, and respectfully requests the Court deny the defendant's motion for assessment fee forgiveness. (DCD 55.)[1] The United States offers the following suggestions in support of this motion.

## I. BACKGROUND

On May 11, 2017, the grand jury returned a four-count superseding indictment charging the defendant with coercion and enticement of a minor, sexual exploitation of a minor, transportation of a minor with intent to engage in illicit sexual activity, and travel with the intent to engage in illicit sexual activity. (DCD 19.) On October 11, 2017, the defendant pleaded guilty, without a plea agreement, to the four-count superseding indictment before United States Magistrate Judge David P. Rush. (DCD. 29, 32.) At that time, the magistrate court advised the defendant he was subject to a mandatory special assessment of $100.00 for each of the four felony counts he was pleading guilty to. (Plea Tr. at 3-5.) On October 31, 2017, this Court accepted the defendant's plea of guilty. (DCD 33.)

---

[1] "DCD" refers to the district court's criminal docket entries and associated documents in the instant case.

On March 8, 2018, the defendant appeared before this Court for sentencing as to all four counts to which he plead guilty too. (DCD 39.) This Court sentenced the defendant to 540 months imprisonment on Count 1 and 360 months imprisonment on Counts 2, 3, and 4, with all counts to be served concurrently. (DCD 41.) Additionally, the Court imposed a life term of supervised release and a mandatory special assessment in the amount of $100.00 per each felony count, for a total of $400.00. (DCD 41.)

The defendant filed a timely notice of appeal to the Eighth Circuit, case no. 18-1576, challenging his below-Guidelines sentence. (DCD 42.) On December 28, 2018, the Eighth Circuit affirmed this Court's judgement. (DCD 52, 53.)

On May 15, 2020, the defendant filed a motion seeking to have his mandatory special assessment forgiven or waived. (DCD 55.) In support of said motion, the defendant argues that he is unable to pay the mandatory special assessment, a balance of $350.00, because he only makes $5.25 a month and is not in a position to be able to pay for the foreseeable future. The defendant also proffers that family assistance is no longer accessible to him. (DCD 55.)

18 U.S.C. § 3013 directs that "the court shall assess on any person convicted of an offense against the United States" a mandatory special assessment of $100.00 per felony. 18 U.S.C. § 3013(a)(2)(A). The statue provides no provision allowing a court to waive or forgive the assessment; however, the obligation to pay any assessment automatically ceases five-years after the date of judgement. 18 U.S.C. § 3013(c). Furthermore, the Eighth Circuit recently noted as to the mandatory special assessment under § 3013, "the court cannot consider the defendant's ability to pay." *United States v. Kelley*, 861 F.3d 790, 799 (8th Cir. 2017). There is no authority for a district court to waive or forgive the mandatory special assessment pursuant to § 3013; consequently, this Court should deny the defendant's motion.

## II. LEGAL ANALYSIS

The defendant has requested the forgiveness or waiver of $350.00 that remains as a balance on the mandatory special assessment imposed by this Court, pursuant to 18 U.S.C. § 3013. Section 3013 directs that the "court *shall* assess on any person convicted of an offense against the United States," the amount of $100.00 in the case of a felony. 18 U.S.C. § 3013(a)(2)(A) (emphasis added). Nowhere in § 3013 is there a provision that authorizes the district court to waive or forgive the mandatory special assessment; thus, this Court is not statutorily authorized to do so.

The Eighth Circuit has specifically held that the special assessment under § 3013 is a mandatory assessment per felony count that may not be suspended or waived by the district court. In *United States v. Dobbins*, 807 F.2d 130, 130 (8th Cir. 1986), the United States appealed from an order by the district court imposing a single special assessment of $50, though the defendant was convicted of two separate counts of using a communication facility to facilitate a drug offense. The district court imposed the special assessment on one count but suspended both the sentence and special assessment on the second count. *Id*. at 131. The *Dobbins* court reversed and remanded the case to the district court for imposition of the special assessment as to the second count. The Eighth Circuit, relying on *United States v. Donaldson*, 797 F.2d 125 (3d Cir.1986), held that the purpose of Congress in enacting § 3013 was to aid victims of crimes, rather than to punish the offenders. *Id*. Adopting the reasoning in *Donaldson* and *United States v. Pagan*, 785 F.2d 378, 381 (2d Cir.1986), the Eighth Circuit also held that § 3013 requires a per count assessment. *Id*. at 132. *See Rutledge v. United States*, 517 U.S. 292, 301 (1996) ("18 U.S.C. § 3013 requires a federal district court to impose a [ ] special assessment for every conviction").

The defendant's profession of indigency does not alter the mandatory nature of the special assessment. In *United States v. Pou*, 953 F.2d 363, 371-72 (8th Cir. 1992) (upholding the taxing

of costs to two indigent defendants), the court held, "We see nothing objectionable in imposing financial obligations upon convicted defendants who are indigent at the time of sentencing when it reasonably can be foreseen that in the future they will have the wherewithal to discharge the obligation." "Given the length of the prison terms the [defendants] will be serving, their prison wages should be more than enough to pay the costs taxed to each, as well as their special assessments. . . . In any case, if the[y] [] are 'unable, due to indigency, to pay these costs, the government simply would not be able to collect them, and it could not punish [them] further for [their] inability to pay.'" *Id*. (quoting *United States v. Tzakis*, 736 F.2d 867, 873 (2d Cir. 1984)).

More recently in *Kelley*, the Eighth Circuit held that "unlike § 3013, in which the court *cannot consider the defendant's ability to pay*, § 3014 expressly limits its special assessment to 'non-indigent" persons.'" 861 F.3d at 799 (emphasis added). See § 3014(a). *See also United States v. Mann*, 7 F. App'x 424, 426–27 (6th Cir. 2001) (the defendant pled guilty to three felonies and on appeal challenged his mandatory $300.00 special assessment, which the court rejected, holding that no provision is made for waiver in the statute and that the statute uses mandatory language, "shall"); *Cazy v. United States*, 717 F. App'x 954, 955–56 (11th Cir. 2017) ("[e]ven if the district court had the authority to modify [defendant's] sentence, that authority would not have extended to an ability to waive a mandatory monetary penalty").

The defendant proffers that he only makes $5.25 a month. (DCD 55.) Accordingly, if he still owes $350.00, it would take approximately 67 months to pay down the balance of the special assessment remaining. However, the obligation to pay the special assessment under § 3013 "ceases five years after the date of the judgment." See § 3013(c). Consequently, if the defendant cannot pay the assessment out of his $5.25 monthly salary, and has no other source of income, then, as

4

*Pou* indicates, the Government would simply be unable to collect the special assessment once 60 months from the imposition of his sentence has passed.

### III. CONCLUSION

Based on the foregoing reasons, the United States respectfully requests this Court to deny the defendant's motion for forgiveness of his mandatory special assessment fee.

Respectfully submitted,

TIMOTHY A. GARRISON
United States Attorney

By  */s/ Ami Harshad Miller*
AMI HARSHAD MILLER
Assistant United States Attorney

901 St. Louis Street, Suite 500
Springfield, Missouri  65806
Telephone: 417-831-4406

**CERTIFICATE OF SERVICE**

      I hereby certify that on this the 4rd day of June, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case and via mail to:

Dominic Pearson
32106-045
U.SP Tucson
P.O. Box 24550
Tucson, Arizona 85734

                              */s/ Ami Harshad Miller*
                              Ami Harshad Miller