# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,      )
                           )
          Plaintiff,      )
                           )
          v.           )      Case No. 6:17-cr-03014-RK
                           )
DOMINIC KEITH PEARSON,      )
                           )
         Defendant.     )

## ORDER

Before the Court is Defendant's *pro se* motion for return of several items of personal property filed pursuant to Federal Rule of Criminal Procedure 41(g).  Doc. 61.  Defendant seeks the return of numerous items he alleges were seized at the time of his arrest (or the replacement value, with interest, for any requested items that have been destroyed or are no longer accessible).  For the reasons provided below, Defendant's motion is **DENIED without prejudice** to the filing of a separate civil action.

Federal Rule of Criminal Procedure 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return.  The motion must be filed in the district where the property was seized.  The court must receive evidence on any factual issue necessary to decide the motion.

"Although a motion is filed under Criminal Rule 41(g), when the filing comes after the termination of criminal proceedings, it is treated as a civil action for equitable relief." *United States v. Mendez*, 860 F.3d 1147, 1149-50 (8th Cir. 2017) (citation omitted); *see Petrovic v. United States*, No. 4:15CV1493 HEA, 2017 WL 4889732, at *2 (E.D. Mo. Oct. 30, 2017) ("When a motion for return of property is filed after final judgment in a criminal case, then the filing constitutes a new civil equitable action.") (collecting cases).  The Court of Appeals for the Eighth Circuit affirmed Defendant's sentence on November 27, 2018, with its mandate issued on December 28, 2018.  Docs. 52 & 53.  To date, Defendant has not sought post-conviction relief and no other appeal or post-conviction proceeding is currently pending.  For purposes of the instant motion – without any appeal or post-conviction proceeding currently pending – final judgment has been entered in Defendant's criminal case.  Thus, the instant motion is a civil action.  *See United States v. Pitts*,

639 F. App'x 105, 107 (3d Cir. 2016) ("A Rule 41(g) motion for the return of property is an independent civil action for equitable relief.") (citation omitted); *United States v. Holland*, 214 F.3d 523, 527 (4th Cir. 2000) ("a motion for return of property made pursuant to Federal Rule of Criminal Procedure 41(e) [now 41(g)] . . . is a civil action against the United States, at least where no criminal proceedings are pending") (citations and internal quotation marks omitted); *United States v. Guzman*, 85 F.3d 823, 830 (1st Cir. 1996); *Harvey v. United States*, 349 F. Supp. 2d 966, 967 (M.D.N.C. 2004).

As a civil action, Defendant's motion is subject to the provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915. *United States v. Worley*, No. 4:05-CR-309 CAS, 2009 WL 3712061, at *1 (E.D. Mo. Nov. 5, 2009) (citing *Pena v. United States*, 122 F.3d 3, 4-5 (5th Cir. 1997)); *United States v. Williams*, No. 4:99-CR-486 CASE, 2007 WL 2710960, at *1 (E.D. Mo. Sept. 13, 2007); *Harvey*, 349 F. Supp. 2d at 967. Should Defendant wish to pursue this recovery action, Defendant must file a new civil complaint and pay the filing fee or seek leave to proceed *in forma pauperis*. *See Worley*, 2009 WL 3712061, at *1.

Defendant's motion for return of personal property filed in this closed criminal case pursuant to Rule 41(g) (Doc. 61) is **DENIED without prejudice** to the filing of a separate civil action. The Clerk of Court is directed to send to Defendant a form civil complaint and a form motion to proceed *in forma pauperis* and affidavit in support, along with a copy of this order to:

Dominic Keith Pearson, # 32106-045
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: September 8, 2021

2